No. 28,536.

IDA VEIRS TAGGART, and H. W. CHITTENDEN, Executor of the Estate of David Taggart, Deceased, *Appellees,* v. HAZEL CANTRALL TAYLOR et al., *Appellants.*

(278 Pac. 21.)

Opinion filed June 8, 1929.

*Roy R. Hubbard* and *H. J. Emerson,* both of Kansas City, for the appellants.

*A. E. Crane,* of Topeka, and *W. J. Wiles,* of Hays, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a widow to recover from the administrator of the estate of her deceased husband for breach of an alleged antenuptial contract. Other heirs (three grandchildren of the deceased, who under a will were devised one-half of the estate) sought to intervene, were defeated and appeal.

It was alleged in plaintiff's petition that—

"Prior to her marriage with David Taggart, now deceased, she entered into an oral agreement with him whereby he promised to devise and bequeath all of the estate owned by him at his death to the plaintiff, in consideration of her marriage to him and that during the remaining years of his life she would look after and take care of him until his death; that at the time said contract was entered into David Taggart was a man of eighty years of age and in poor health and living alone in Ellis, Kan., with no one to look after him; that the plaintiff agreed to look after him as aforesaid and did thereafter marry him and duly carry out her contract with him and fully performed all of the conditions to be performed on her part, and at his death the said David Taggart left in cash and other personal property the sum of about $3,300, which property and claims are in the hands of said executor, and this plaintiff is entitled to have said contract specifically enforced by the court, giving to her all of the estate of the said David Taggart, after the payment of his funeral expenses and lawful indebtedness."

When the case was called for trial the appellants asked leave to

intervene because of being heirs of David Taggart under his will, by the terms of which they jointly were to receive one-half of his estate. The plaintiff and the executor, after a conference, concluded that further litigation would result in the depletion of the assets of the estate to such an extent that none of the parties interested would receive any substantial amount, and they therefore agreed to an entry of judgment by the terms of which the plaintiff would receive approximately the sum of $452 and leave a balance of something like $450, or one-half the estate, to the three heirs who are here complaining. After an informal hearing the court concluded that, regardless of the merits of the plaintiff's claim and the claims of the grandchildren, such a judgment would be more advantageous than to permit the grandchildren to intervene and litigate the questions at issue with the plaintiff. · However, before the final journal entry of judgment was submitted to the trial court the matter was presented to the probate court, which gave its sanction to the settlement in language as follows:

"Now on this 4th day of November, 1927, comes H. W. Chittenden, administrator of said estate, with the will annexed, and files his application asking for authority and direction from this court to make a compromise settlement of certain litigation now pending in the district court of this county, in which Ida Veirs Taggart, widow of said deceased, is plaintiff, and said administrator is defendant, and the court, after due and careful consideration of said petition, finds that the allegations therein contained are true, and that the settlement offered by said Ida Veirs Taggart as outlined in said application of said administrator, is a provident one and to the best interest of said estate and to the grandchildren who are devisees named in the will, and it is therefore by the court

"Ordered, that said H. W. Chittenden, administrator of said estate, be and hereby is authorized and directed to make a compromise settlement of said litigation and of said case in the district court of Ellis county, Kansas, under the terms mentioned and set forth in said application of said administrator, and to consent that judgment be rendered in said district court case for the plaintiff and against said estate, and said administrator, for the sum of $710 with a credit on said judgment of $258, and the plaintiff in said district court case to pay the costs of said case in the district court, leaving a balance of $452 on said judgment, and it is further ordered that out of the remaining estate in the hands of said administrator that may be left after the payment of said balance of $452 on said judgment, that all probate court costs remaining unpaid, be paid by said administrator, and the compensation of said administrator and his attorney fees be paid, and any balance left after said payments be retained by said administrator for distribution among the grandchildren of said deceased, who are devisees and legatees under his will, as may be ordered by the court upon the final settlement of said estate in this court."

It appears that if the appellants had been permitted to intervene, and if they and the executor had been successful in defeating the claim of the plaintiff, they would have accomplished no more than was accomplished for them by the compromise and settlement. The plaintiff, as wife of the deceased, was, under the statute, after payment of the debts and costs of administration, entitled to one-half of his estate. The grandchildren under his will were entitled to one-half.

The journal entry of judgment in part reads:

"It was by the court found that the amount of $1,017.05 constitutes all of the estate of David Taggart, deceased, after the payment of various claims heretofore paid by the executor, the payment of which has been approved by the probate court. The court further finds that under the issues in this case, the plaintiff Ida Veirs Taggart would be entitled as the widow of David Taggart, deceased, to have one-half of the net proceeds of the estate of said David Taggart, deceased. The court further finds that there is in controversy in this case only one-half of said $1,017.05, from which there would necessarily have to be deducted expenses and costs of administration, which would reduce said amount to somewhere in the neighborhood of $900, leaving the amount actually in litigation practically $450.

"It is therefore by the court considered, ordered and adjudged that the plaintiff do have and recover judgment against H. W. Chittenden, executor of the estate of David Taggart, deceased, the sum of $710, upon which judgment it is acknowledged by plaintiff in open court that there has been a payment made of $258, leaving a balance due to said plaintiff from said estate in the sum of $452, and this shall be and is by agreement of party and decree of court a full settlement of all claims of plaintiff.

"It is further considered, ordered and adjudged by the court that said plaintiff pay the costs herein taxed at $25.95, except an item of $6, which has been retaxed to defendant H. W. Chittenden as administrator, etc., leaving a balance of $19.95.

"And the court orders, regardless of the merits or demerits of the claim of the plaintiff and defendant herein, that the settlement effected and the judgment rendered would be as advantageous to the interest of the parties who have attempted to intervene as they would be to result a favorable litigation in their behalf, which would necessarily reduce the estate of David Taggart, deceased."

We are directed by the code to disregard all technical errors which do not appear to have prejudicially affected the substantial rights of the complaining party. The statute reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it the court shall render such final

judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (R. S. 60-3317. See numerous cases cited under this section.)

We are of the opinion that the substantial rights of the appellants were not materially prejudiced by the judgment of the trial court, and even if the acts of the court complained of were erroneous they furnish no basis for a reversal.

The judgment is affirmed.